IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEWAYNE MOSS,

       *Petitioner,*

vs.

       Case No. 18-3272-EFM

SAM CLINE,
*Warden, Lansing Correctional Facility*,

       *Respondent.*

**MEMORANDUM AND ORDER**

Before the Court is Petitioner DeWayne Moss's Petition for Writ of Habeas Corpus (Doc. 1) seeking post-conviction relief. Moss has also filed two Motions to Amend Judgment (Docs. 22 & 23).[1] For the following reasons, the Court denies Moss's petition.

### I.     Factual and Procedural Background[2]

In 1991 Moss was convicted of attempted rape in the Circuit Court of Lafayette County, Missouri. Following his release from custody, Moss was residing in Douglas County, Kansas in

---

[1] Rather than asserting new causes of action, these motions simply reiterate his claims for relief under the Petition for Writ of Habeas Corpus. As such, the Court will address all three pending motions in this order.

[2] Absent clear and convincing evidence to the contrary, a federal habeas court must presume that the state courts' factual findings are correct. 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004). The Court accepts as true for this petition the Kansas Court of Appeals summary of the facts of Moss's underlying case. Moss has presented no clear and convincing evidence to persuade the Court to presume differently.

October 2009. During that time, he was not in the custody of a correctional facility and was not receiving inpatient treatment at any treatment facility. As such, Kansas notified Moss in October 2012 that he must register under the Kansas Offender Registration Act ("KORA"). Moss began registering in Kansas in October 2009 and continued to register through 2012.

In March 2013, Moss failed to register in Kansas as a sex offender and was subsequently prosecuted in Douglas County District Court. On September 17, 2014, Moss was convicted of one count of Aggravated Violation of the Kansas Offender Registration Act, in violation of K.S.A. § 22-4903(b), two counts of Violation of the Kansas Offender Registration Act in violation of K.S.A. § 22- 4903(a), and one count of Failure to Pay Offender Registration Fees, in violation of K.S.A. § 22-4903(a). After granting Moss's motion for a downward dispositional departure, the Douglas County District Court sentenced him to 36 months' probation with an underlying prison term of 102 months. Moss appealed, and the Kansas Court of Appeals affirmed his convictions and sentence.[3] Moss then appealed to the Kansas Supreme Court, which denied review.

On December 29, 2017, Moss filed a motion for post-conviction relief under K.S.A. § 60-1507 (state law habeas corpus) in Douglas County District Court. The district court denied relief and Moss did not appeal. In November 2018, Moss petitioned this Court for habeas corpus relief under 28 U.S.C. § 2254. He also filed two Motions to Amend Judgment on June 7 and 11, 2019. However, in these additional motions, Moss simply reiterated prior habeas corpus claims without stating additional grounds for relief.[4]

---

[3] *State v. Moss*, 2016 WL 3856904 (Kan. Ct. App. 2016).

[4] Moss also supplemented his petition with an exhibit (Doc. 25) that he alleges provides new evidence that can "prove his innocence." The Court notes that this exhibit—a letter from the Missouri State Highway Patrol dated July 19, 2019—does not bear on the Court's decision under § 2254. Regardless, the letter merely states that Moss

## II. Legal Standard

### A. 28 U.S.C. § 2254 - Writ of Habeas Corpus

The Court's consideration of a state prisoner's collateral attacks on state criminal proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "requires federal courts to give significant deference to state court decisions."[5] The Court can only grant relief to a petitioner's claim that has been decided on the merits in state court if the state decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]

A state court decision is contrary to Supreme Court precedent when: (1) "the state court applies a rule that contradicts the governing law set forth in [a United States Supreme Court case]" or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."[7] A state court's decision is an unreasonable application of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."[8]

---

was registered in Missouri for 1999; it does not address Moss's underlying conviction for failing to register in Kansas in 2013.

[5] *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013).

[6] 28 U.S.C. § 2254(d)(1), (2); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

[7] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

[8] *Williams*, 529 U.S. at 413.

Thus, this Court may not issue a writ of habeas corpus simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."[9]

### III. Analysis

Although it is not entirely clear from his petition, Moss appears to assert four claims for relief under § 2254. Moss's first claim for relief is that the plain language of KORA does not require him to register as a sex offender in Kansas. His second claim is that Kansas misinterpreted the requirements of 42 U.S.C. § 14071 in enacting and implementing KORA. Moss's third claim for relief is that Kansas violated the Sex Offender Registration and Notification Act ("SORNA") by requiring him to register under KORA. Lastly, Moss's fourth claim is that Kansas violated the Missouri constitutional prohibition on ex post facto laws by requiring him to register under KORA for a crime committed in Missouri prior to KORA's enactment. The Court will address each of these claims in turn.

Moss first claims that KORA does not require him to register as a sex offender. The Kansas Court of Appeals addressed and rejected this claim. The Court can only grant relief to a petitioner's claim that has been decided on the merits in state court if the state decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[10] Moss cannot point to any clearly established United States Supreme Court

---

[9] *Id.* at 411.

[10] 28 U.S.C. § 2254(d)(1), (2); *Lockyer,* 538 U.S. at 71 (2003).

precedent that undermines the state court decision. Nor does Moss allege any unreasonable determination of the facts in light of the evidence presented at trial. As such, the Court declines to review this claim since it deals solely with an issue of state law for which federal habeas corpus law does not provide relief.[11]

Moss's second and third claims are related, so the Court will address them together. Moss claims that Kansas misinterpreted the requirements of 42 U.S.C. § 14071 in enacting and implementing KORA.[12] However, 42 U.S.C. § 14701—also known as the Jacob Wetterling Act—was repealed in 2006, well before Moss violated his obligation to register under KORA in 2013. Congress replaced the Jacob Wetterling Act with SORNA, which Moss also claims that Kansas violated by requiring him to register under KORA. However, Moss failed to exhaust state court remedies regarding these issues. "In order to obtain federal habeas corpus relief, a state prisoner must first exhaust the remedies available in the state courts."[13] This requirement is satisfied if the issues have been presented to the state's highest court, either on direct appeal or collateral attack.[14] Since Moss never raised this claim in state court, the Court concludes that it is unexhausted and therefore procedurally defaulted.[15]

---

[11] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

[12] 42 U.S.C. § 14071 was replaced with the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 *et seq*.

[13] *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

[14] *Id*. (citing *Denver v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

[15] It is sometimes appropriate for the Court to address the merits of a habeas petition, notwithstanding the failure to exhaust available state remedies. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997). Where the Court is convinced that an argument has no merit, "a belated application of the exhaustion rule might simply require useless litigation in the state courts." *Id*. at 1243 (citing *Granberry v. Greer*, 481 U.S. 129, 133 (1987)). Accordingly, the Court notes that SORNA, like the Jacob Wetterling Act before it, imposes no mandatory obligations on the State of Kansas, the violation of which would give rise to federal habeas corpus relief. Rather, SORNA functions under

Finally, Moss's fourth claim for relief is that Kansas violated Missouri's constitutional prohibition on ex post facto laws by requiring him to register in Kansas for an offense that occurred in Missouri before KORA's enactment. Once again, federal habeas corpus relief is available to a person imprisoned because of "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."[16] Moss does not point to any clearly established federal law, but rather argues for a certain interpretation of state law. Nor does Moss allege that the Kansas state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17] Since Moss's fourth claim deals solely with matters of state law, it also is not cognizable on federal habeas review.

For the reasons stated above, the Court denies Moss's petition for writ of habeas corpus under § 2254. Moss fails to demonstrate that there were constitutional errors in the Kansas court proceedings that undermine his conviction and sentence. None of the Kansas court decisions were contrary to or involved an unreasonable application of clearly established Supreme Court precedent. Furthermore, Moss has not shown that any state court proceedings resulted in decisions based on unreasonable determinations of the facts in light of the evidence presented. Therefore, Moss fails to demonstrate grounds for habeas corpus relief under § 2254.

---

Congress's spending power, granting states funding for the creation and operation of offender registries if they voluntarily comply with statutory provisions.

[16] 28 U.S.C. § 2254(d)(1).

[17] 28 U.S.C. § 2254(d)(2).

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Without such a certificate, a petitioner may not appeal the denial of his or her habeas petition. But, "[i]f the court denies a certificate, the [petitioner] may . . . seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."[18]

Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues presented in the petition are "adequate to deserve encouragement to proceed further."[19]

Here, the Court concludes that it should not issue a certificate of appealability. Nothing suggests that the Court's rulings in this case are debatable or incorrect, and no record authority suggests that the Tenth Circuit would resolve this case differently. The Court thus declines to issue a certificate of appealability. In doing so, the Court notes that Moss may not appeal its denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit.[20]

**IT IS THEREFORE ORDERED** that Petitioner DeWayne Moss's Petition for Writ Of Habeas Corpus (Doc. 1) is **DENIED.**

---

[18] Rules Governing Section 2254 Cases, Rule 11(a).

[19] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[20] *See* Rules Governing Section 2254 Cases, Rule 11(a).

**IT IS FURTHER ORDERED** that Petitioner's Motions to Alter/Amend Judgment Dismissing Habeas Corpus Petition (Docs. 22 & 23) are **DENIED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 16th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE